United States District Court
Southern District of Texas
**ENTERED**
June 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VALENTIN TORRES ALVAREZ,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:23-cv-161 |
| BOBBY LUMPKIN,<br>    Respondent. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION[1]

Before the Court is Torres Alvarez's construed amended petition under 28 U.S.C. § 2254 for writ of habeas corpus (Torres Alvarez's "Amended Petition"). Dkt. No. 20. For the reasons provided below, it is recommended that the Court: (1) **DISMISS** Torres Alvarez's Amended Petition without prejudice; (2) **DECLINE** to issue Torres Alvarez a certificate of appealability; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.   JURISDICTION

The Court has federal question subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 2254(a). Venue is proper in this district and division because Torres Alvarez's judgment of conviction was entered in Cameron County, Texas. *See id.* §§ 124(b)(4), 2241(d).

### II.   BACKGROUND & PROCEDURAL HISTORY

In November 2017, a grand jury indicted Torres Alvarez on one count of continuous sexual abuse of a child and two counts of prohibited sexual conduct. Dkt. No.

---

[1] On June 3, 2024, the Court issued its Report and Recommendation dismissing pro se Petitioner Valentin Torres Alvarez's claims. Dkt. No. 44. The Court withdrew that Report and Recommendation on June 18, 2024, Dkt. No. 48, and now substitutes the following in its place.

18-9 at 7–8. On June 7, 2018, a jury convicted Torres Alvarez on each count alleged in the indictment. Dkt. No. 18-28 at 70–71. That same day, the 103rd District Court in Cameron County sentenced Torres Alvarez to fifty years' incarceration for continuous sexual abuse of a child and ten years' incarceration for each count of prohibited sexual conduct and ordered the sentences to run concurrently. *Id.* at 78. Judgment was entered on June 26, 2018. Dkt. No. 18-9 at 283.

Torres Alvarez failed to timely file a notice of appeal. Dkt. Nos. 1 at 8; 18-9 at 93, 96–98. In September 2021, Torres Alvarez filed a state habeas petition seeking an out-of-time appeal, arguing only that his trial counsel was ineffective for failing to timely file the notice of appeal. Dkt. No. 18-9 at 265, 285–92. In December 2021, the Texas Court of Criminal Appeals ("TCCA") granted Torres Alvarez's petition. *See id.* at 333–34; *Ex parte Alvarez*, No. WR-93,274-01, 2021 WL 5823029, at *1 (Tex. Crim. App. Dec. 8, 2021) (per curiam). Torres Alvarez then filed his appeal in the Texas Thirteenth Court of Appeals ("13th Court"). *See Alvarez v. State*, No. 13-22-00013-CR, 2022 WL 3654761, at *1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, pet. ref'd) (mem. op., not designated for publication). The 13th Court affirmed Torres Alvarez's conviction. *Id.* at 10. Torres Alvarez then filed a petition for discretionary review, which the TCCA refused without a written order on December 7, 2022. Dkt. No. 18-14 at 1–6. Torres Alvarez did not file a state habeas petition following his direct appeal.

On October 30, 2023, Torres Alvarez filed a federal "Petition for 28 U.S.C. § 2254 Writ of Habeas Corpus by a Person in State Custody" (Torres Alvarez's "Original Petition"). Dkt. No. 1 at 1–2. He contends therein that he received ineffective assistance of counsel "during his jury trial and appellate review" because "there was no final disposition of [his] claim on counsel's failure to obtain DNA expert testimony denied [sic]

[him] witnesses on his behalf." *Id.* at 7. Torres Alvarez provided no further clarification, argument, or authority to support that claim. *See id.*

In January 2024, Lumpkin filed the state court records and answered Torres Alvarez's Original Petition, construing the Original Petition's amorphous claims and arguing that the construed claims lack merit. Dkt. Nos. 18–18-33; 19 at 1. Torres Alvarez then replied on January 30, 2024, raising new grounds for relief—and citing some legal authority—concerning the translation from English to Spanish of certain court proceedings and the validity of the indictment. Dkt. No. 20. Noting that "reply briefs cannot be used to raise new arguments," but recognizing that "penaliz[ing] [a pro se petitioner] for less-than-perfect pleading is a clear violation of the rule that courts must liberally construe pro se pleadings," the Court construed that reply as Torres Alvarez's Amended Petition and requested a response from Lumpkin. Dkt. No. 21; *see United States v. Trevino*, 554 F. App'x 289, 293 (5th Cir. 2014) (per curiam) ("When a pro se litigant raises, for the first time, a new issue in a reply to a responsive pleading, the district court may construe such a claim as a motion to amend [his petition]."); *cf.* Fed. R. Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice."); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (noting that a pro se plaintiff's pleadings are "to be liberally construed" and no matter how "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Lumpkin responded, arguing that Torres Alvarez failed to exhaust his state remedies on his Amended Petition's new claims. Dkt. No. 40. Torres Alvarez then replied, asserting that "a defective indictment and the denial of translation of court trial proceedings was attributed to trial counsel's ineffectiveness." Dkt. No. 42 at 2.

Torres Alvarez's Amended Petition is now ripe for consideration. *See* Dkt. No. 20.

### III.  LEGAL STANDARD

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern petitions brought under 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 335–36 (1997). Under AEDPA, a federal court may not grant habeas relief based on a claim that was adjudicated on the merits by a state court unless the petitioner demonstrates that the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011). "This standard is difficult to meet" but "stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

But to obtain federal habeas relief under 28 U.S.C. § 2254, a habeas petitioner must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A); *see Taylor v. Cain*, 545 F.3d 327, 332 (5th Cir. 2008) ("Exhaustion is a statutory obligation on petitioners who seek federal habeas relief to present and pursue all claims in state court prior to requesting federal collateral relief."). "Exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures." *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). The exhaustion requirement "is grounded in principles of comity and reflects a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (cleaned up). "[T]he exhaustion rule, while not a jurisdictional requirement, creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Id.* (cleaned up).

Two exceptions to the exhaustion requirement exist. 28 U.S.C. § 2254(b)(1)(B). A petitioner may bring an unexhausted claim if: (1) "there is an absence of available State corrective process"; or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.*

## IV.  DISCUSSION

As noted, the Court construes Torres Alvarez's reply to Lumpkin's response as his Amended Petition. *See* Dkt. Nos. 20, 21. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam). Torres Alvarez raises new issues in his Amended Petition that do not relate to or reference any (even construed) claim in his Original Petition. *Compare* Dkt. No. 1, *with* Dkt. No. 20. So, his Amended Petition is the operative pleading here. *See* Dkt. No. 20; *King*, 31 F.3d at 346.

In his Amended Petition, Torres Alvarez argues that he is entitled to habeas relief because the state trial and appellate courts "did not include specific factual findings in [their] order[s] regarding: 1) translation of petitioner's trial proceedings, and 2) the legality of a defective indictment alleging a misjoin[d]er of counts." Dkt. No. 20. at 1. Lumpkin asserts that Torres Alvarez has not exhausted his state remedies on his new claims, so the Amended Petition should be dismissed without prejudice. Dkt. No. 40. Indeed, after reviewing the state court records, and following an independent search of the TCCA's docket, it is clear that Torres Alvarez raised no arguments before the 13th Court or in a state habeas application concerning the translation of trial proceedings or

the validity of his indictment. *See generally* Dkt. No. 18-8. In other words, Torres Alvarez has not exhausted his state remedies on those claims. *See* 28 U.S.C. § 2254(b)(1)(A).

Torres Alvarez also provides no argument that he lacks an available State corrective process or that circumstances exist that render such process ineffective to protect his rights. *See id*. § 2254(b)(1)(B). In any event, Torres Alvarez did not file a state petition for habeas corpus under Article 11.07 of the Texas Rules of Criminal Procedure following his direct appeal, and "the time for seeking habeas relief in Texas is limited only by the doctrine of laches." *Sheppard v. Davis*, No. 18-50288, 2019 WL 12337829, at *2 (5th Cir. Mar. 18, 2019) (citing *Ex Parte Perez*, 398 S.W.3d 206, 219 (Tex. Crim. App. 2013)); *see* TEX. R. CRIM. PROC. ANN. art. 11.07. Further, while Torres Alvarez filed a state habeas petition seeking an out-of-time appeal, which the TCCA granted, that petition did not necessarily foreclose his ability to seek further habeas relief following his direct appeal. *See Ex parte Rodriguez*, 466 S.W.3d 846, 849 n.8 (Tex. Crim. App. 2015) ("[R]equest for out-of-time appeal does not constitute a challenge to the conviction for purpose of [Article 11.07's bar on successive habeas petitions]."); *see also Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("[B]ecause granting an out-of-time appeal restores the pendency of the direct appeal, any remaining substantive claims would become premature, and hence, subject to dismissal.").

Accordingly, Torres Alvarez's Amended Petition should be dismissed without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A), (c).

### V. CERTIFICATE OF APPEALABILITY

Per Rule 11 of the "Rules Governing Section 2254 Cases," a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." A certificate of appealability shall not issue unless a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Said differently, where claims have been dismissed, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* District courts may deny certificates of appealability sua sponte without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). A certificate of appealability should not issue in this case because Torres Alvarez has not made a substantial showing of the denial of a constitutional right, and jurists of reason would not find it debatable that Torres Alvarez failed to exhaust his state remedies.

## VI. Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS** Torres Alvarez's Amended Petition without prejudice (Dkt. No. 20); (2) **DECLINE** to issue Torres Alvarez a certificate of appealability; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VII.   NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **26th** day of **June, 2024**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**