United States District Court
Southern District of Texas

**ENTERED**

July 24, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VALENTIN TORRES ALVAREZ, | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-00161 |
| | § | |
| BOBBY LUMPKIN, | § | |
| "Respondent." | § | |
| | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 51) and Petitioner's "Second Protective Petition" ("Objections") (Dkt. No. 55). The R&R recommends that the Court: (1) **DISMISS** Petitioner's claims without prejudice; (2) **DECLINE** to issue a certificate of appealability; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

After reviewing the record and applicable law, the R&R (Dkt. No. 51) is **ADOPTED** for these reasons:

### I.    BACKGROUND

On June 7, 2018, a jury convicted Petitioner on one count of continuous sexual abuse of a child and two counts of prohibited sexual conduct, and he was sentenced to fifty years' incarceration for continuous sexual abuse of a child and ten years' incarceration for each count of prohibited sexual conduct, to run concurrently. Dkt. No. 18-28 at 70–71, 78. On October 30, 2023, Petitioner filed a federal "Petition for 28 U.S.C. § 2254 Writ of Habeas Corpus by a Person in State Custody" ("Original Petition") in which he alleged he received ineffective assistance of counsel because "there was no final disposition of [his] claim on counsel's failure to obtain DNA expert testimony denied [sic] [him] witnesses on his behalf." Dkt. No. 1 at 1–2, 7.

Respondent answered Petitioner's Original Petition, construing Petitioner's indefinite claims and arguing they lacked merit. Dkt. Nos. 18–18-33; 19 at 1. Petitioner replied January 30, 2024, and raised new grounds for relief regarding the validity of the indictment and translation from English to Spanish for certain court proceedings. Dkt. No. 20. The magistrate construed this filing as an amended petition, which supersedes the original. Dkt. No. 21 (citing *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996)); *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Respondent then argued Petitioner failed to exhaust his state remedies on his new claims. Dkt. No. 40.

## II.     LEGAL STANDARD

If a party objects to a magistrate's rulings, the district court will review de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). To obtain federal habeas relief under 28 U.S.C. § 2254, a petitioner must first exhaust available state court remedies. 28 U.S.C. § 2254(b)(1)(A). "Exhaustion requires that a petitioner first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review procedures." *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). "[T]he exhaustion rule, while not a jurisdictional requirement, creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). A petitioner may only bring an unexhausted claim if: (1) "there is an absence of available State corrective process; or" (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Rule 11 of the "Rules Governing Section 2254 Cases" provides that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may only issue if the "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing when claims have been dismissed on procedural grounds, a petitioner must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). District courts may decline to issue certificates of appealability sua sponte without further briefing and argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

## III.     DISCUSSION

All of Petitioner's new claims remain unexhausted, as he failed to first make these arguments in state court or petition for habeas corpus under Article 11.07 of the Texas Rules of Criminal Procedure. *See generally* Dkt. No. 18-8; *see* TEX. R. CRIM. PROC. ANN. Art. 11.07. Petitioner does not effectively argue that he lacks a state corrective process or that available state processes are ineffective to protect his rights, and there is no evidence that this is the case. *See* Dkt. No. 55. Since all Petitioner's claims are unexhausted, dismissal without prejudice is appropriate.

The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right, and  Petitioner has failed to exhaust his state remedies.

After de novo review, the R&R is **ADOPTED**.

## IV.   CONCLUSION

For these reasons, the Court **ADOPTS** the R&R (Dkt. No. 51). Petitioner's Objections (Dkt. No. 55) are **OVERRULED**. Petitioner's claims are **DISMISSED without prejudice**. The Clerk of Court is **ORDERED** to close this case.

Signed on this ___ day of ___, 2024.

Rolando Olvera
United States District Judge

3